# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| ROY CHESTER WILLIAMS | § | |
| VS. | § | CIVIL ACTION NO. 1:06cv230 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Roy Chester Williams, an inmate confined in the McConnell Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a conviction for aggravated assault by use of a deadly weapon.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, for consideration pursuant to 28 U.S.C. § 636 and applicable orders of this Court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this matter. The Magistrate Judge recommends the petition be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. The Court must therefore conduct a *de novo* review of the objections.

Petitioner has asserted numerous grounds for review and filed extensive objections to the Report and Recommendation. The arguments raised in the objections are similar to those raised in the petition and were considered by the Magistrate Judge in his Report and Recommendation. After carefully considering petitioner's objections and arguments, the Court is of the opinion that the conclusions reached by the Magistrate Judge were correct.[1] Petitioner's objections are

---

[1] Petitioner asserts that when considering certain of his grounds for review based on ineffective assistance of counsel, the Magistrate Judge failed to cite any legal authority in support of his conclusions. In some instances, the Magistrate Judge was relying on authority cited earlier in the Report and Recommendation. In all instances, however, the Magistrate Judge was applying the legal standard applicable to claims of ineffective assistance of counsel established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), and set forth in the Report and Recommendation.

therefore without merit.

The Supreme Court has described the standard applicable to federal habeas review as a "highly deferential standard ... which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011) (citations and internal quotation marks omitted). Relief may be granted only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. 254(d). "[A]n unreasonable application of federal law is different from an incorrect application of federal law." *Renico v. Lett*, 130 S.Ct. 1855 (2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000)). Under this standard, a federal court may not grant habeas relief simply because the court concludes the state court incorrectly applied federal law. Instead, the federal court must conclude that the state court's application of the law was "objectively unreasonable." *Id*. Being mindful of this standard, the Court does not believe petitioner has established he is entitled to habeas relief.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED** as the opinion of the Court. A final judgment shall be entered in accordance with the recommendation of the Magistrate Judge.

In addition, the Court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not demonstrate that he would prevail on the merits. Rather, he must demonstrate that the issues raised in the petition are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to

proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding granting a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, the petitioner has not shown that the issue of whether his claims are meritorious is subject to debate among jurists of reason. The factual and legal questions presented by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

So **ORDERED** and **SIGNED** this **14** day of **November, 2012.**

_____
Ron Clark, United States District Judge